IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY COVERT,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0421 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUPERINTENDENT TENNIS,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Tommy Covert, an inmate confined at the Rockview State Correctional Institution ("SCI-Rockview") in Bellefonte, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1–2.) The petition originally was filed on December 22, 2005 in the United States District Court for the Eastern District of Pennsylvania and subsequently transferred to this court by order dated January 18, 2006. (*See* Doc. 1–3.) Covert challenges his 1996 Monroe County conviction. For the reasons set forth below, the petition will be denied.

## I.     Background

On February 8, 1995, Covert was charged with rape, statutory rape, indecent assault, involuntary deviate sexual intercourse, aggravated indecent assault, and corruption of minors based on allegations made by his step-sister, a thirteen-year old female who resided in the same house as Covert at the time of the incident. (Doc. 10-2 at 3, 11/27/96 Memorandum of Pennsylvania Superior Court.) Covert was twenty-years old at the time of the incident. (*Id.*)

On March 7, 1996, Covert was convicted by a jury sitting in Monroe County of rape, statutory rape, corruption of minors, and indecent assault. (*Id.* at 14, 5/6/04 Memorandum of Pennsylvania Superior Court.) On April 23, 1996, Covert was sentenced to a term of imprisonment of six to twelve years. (*Id.*) Covert filed a direct appeal from his sentence to the Pennsylvania Superior Court in which he raised the following issues: (1) the sentencing court erred in relying on impermissible factors in sentencing him in the aggravated range recommended by the Pennsylvania Sentencing Guidelines (*id.* at 4–8), and (2) the trial court erred in refusing to disclose the contents of the victim's Children and Youth Services ("CYS") file (*id.* at 8–11.) On November 27, 1996, the judgment of sentence was affirmed. *Commonwealth v. Covert*, 688 A.2d 1225 (Pa. Super. Ct. 1996) (unpublished memorandum). On May

15, 1997, the Pennsylvania Supreme Court denied allocatur.  *Commonwealth v. Covert*, 693 A.2d 586 (Pa. 1997).

On November 12, 1997, Covert filed his first petition under Pennsylvania's Post Conviction Relief Act , 42 Pa. Cons. Stat. Ann. § 9541, *et seq.* ("PCRA"). Counsel was appointed to represent Covert and subsequently filed an amended petition. (Doc. 10-3 at 35, 10/22/01 Memorandum of the Pennsylvania Superior Court.)  Following an evidentiary hearing on October 29, 1999, the PCRA court denied relief on December 10, 1999.  (*Id.*)  Covert raised the following issues in his timely appeal to the Pennsylvania Superior Court: (1) ineffective assistance of trial counsel for failing to call character witnesses, and (2) ineffective assistance of trial counsel for failing to raise the issues of weight and sufficiency of the evidence.  (*Id.* at 35.)

In its October 22, 2001 Memorandum affirming the denial of Covert's first PCRA petition, the Pennsylvania Superior Court found that trial counsel could not be deemed ineffective.  (*Id.* at 35–39.)  Specifically, with regard to the issue concerning character witnesses, the court found that none of the prospective witnesses met the requirements to offer character evidence and that trial counsel did not know of the existence of some of the witnesses, and thus could not be deemed ineffective.  (*Id.* at

36-38.) The court also found no basis to disturb the PCRA court's findings on the second issue because Covert's claim concerning the weight and sufficiency of the evidence was based on his assertion that the victim's testimony was not credible, and it was not improper for the jury to accept the victim's version of events in its role as fact finder. (*Id.* at 38–39.) On May 22, 2002, Covert's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. (*Id.* at 33.)

On May 27, 2003, Covert filed a second PCRA petition *pro se* in which he raised the issue of ineffective assistance of appellate and first PCRA counsel for not preserving the following errors by trial counsel: (1) failure to procure a psychological evaluation of the victim (Doc. 10-3 at 27, 5/27/03 PCRA petition); (2) failure to request a charge to the jury as to the victim's reputation for dishonesty in the community (*id.* at 27–28); (3) failure to request a substantive impeachment charge as to the victim and Officer Bowman (*id.* at 28–29); (4) failure to strike for cause or request a mistrial as to a juror who was reluctant to be a juror (*id.* at 29); and (5) failure to properly object and preserve the use of hearsay statements (*id.* at 29–30). On May 28, 2003, the PCRA court denied Covert's second PCRA petition as untimely. (*Id.* at 5–6.) On May 6, 2004, the Pennsylvania Superior Court affirmed the dismissal of Covert's second PCRA petition on the basis that it was untimely and

noted that Covert had not invoked any of the exceptions set forth in 42 PA. CONS. STAT. § 9545(b)(1)(I-iii). (Doc. 10-2 at 14-17.) On December 22, 2004, the Pennsylvania Supreme Court denied Covert's petition for allowance of appeal. (Doc. 10-3 at 20.)

On December 22, 2005, Covert filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania raising the following issues: (1) Petitioner's second PCRA petition was timely filed and thus was improperly dismissed (Doc. 1-2 at 9); (2) the Commonwealth failed to prove each element beyond a reasonable doubt at trial and offered inconsistent evidence (*id.* at 9–10); (3) trial counsel was ineffective for failing to procure an evaluation of the victim and a charge regarding the victim's dishonesty (*id.* at 10); and (4) trial counsel was ineffective for failing to request a charge on substantive impeachment, for failing to strike a juror for cause and request a mistrial, and for allowing hearsay (*id.*). Because Covert was convicted in this district, by order dated January 17, 2006, the case was transferred to this court pursuant to 28 U.S.C. § 2241(d). (Doc. 1-3.)

Following transfer of the case, on March 8, 2006, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d

5

Cir. 2000), the court issued a formal notice to Covert that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 3.) On March 22, 2006, Covert filed his notice of election requesting that the court rule on the petition as filed. (Doc. 4.) Accordingly, an order to show cause was issued on March 24, 2006 and served on the warden of SCI-Rockview, the Pennsylvania Office of Attorney General, and the Monroe County District Attorney's Office. (Doc. 5.) The Pennsylvania Office of Attorney General subsequently referred the case to the Monroe County District Attorney in light of the District Attorney's access to the records necessary to respond to the petition. (Docs. 6, 7.) On May 3, 2006, the Monroe County District Attorney filed an answer to the petition (Doc. 9) and accompanying exhibits (Doc. 10).

On January 19, 2007, Covert filed a motion in which he asserted that he was never served with the answer to the petition and requested that the court compel Respondents to serve him with a copy of the answer and grant him an extension of time to file a reply. (Doc. 12.) By order dated May 30, 2007, the motion was granted, Respondents were directed to serve a second copy of their answer and

exhibits on Covert within five (5) days, and Covert was granted twenty-five (25) days from the date of the order to file a reply.  (Doc. 14.)

On June 26, 2007, Petitioner filed a letter to the court stating that Respondents had not re-served their response in accordance with the court's May 30, 2007 order (Doc. 15).  On August 16, 2007, Petitioner filed a second letter to the court stating that he was confined in the Restricted Housing Unit and did not have access to the documents he needed to prepare his reply.  (Doc. 16.)  Because Petitioner did not state in his second letter whether Respondents had re-served a copy of their answer and exhibits, by order dated August 28, 2007, the court directed the Clerk of Court to send a copy of the answer and exhibits to Covert within five (5) days and granted Covert an extension of twenty-five (25) days to file a reply.  (Doc. 17.)  Following an additional motion for an extension of time (Doc. 18), which was granted (Doc. 19), on November 14, 2007, Covert filed his reply (Doc. 21).

## II.   Discussion

### A.   Timeliness of Petition

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). Covert's direct appeal proceedings concluded on May 15, 1997 when the Pennsylvania Supreme Court denied allocatur. The judgment of sentence became "final" within the meaning of § 2244(d)(1) upon the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swarz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13. Accordingly, Covert's judgment of sentence became final on or about August 13, 1997, and he had one year from that date, or until August 13, 1998, to file his federal petition.

However, in computing the one-year period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The statute was tolled when Covert timely filed his first PCRA petition on November 12, 1997. At that point, he still had about nine (9) months remaining to file a federal habeas petition (*i.e.,* from November 12, 1997 through August 13, 1998). The statute began

running again upon conclusion of the PCRA proceedings on May 22, 2002.

Therefore, Covert would have had nine (9) months from May 22, 2002, or until February 22, 2003, to timely file a federal habeas petition. Therefore, his instant petition, filed on December 22, 2005, is not timely.

### B.     Statutory Tolling

The Third Circuit Court of Appeals has held that "[t]he statute of limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Covert does not meet the requirements to fall within either of these exceptions.

As already noted, section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

9

Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

While Covert's timely filing of his first PCRA petition tolled the statute of limitations, his second PCRA petition did not toll the statute of limitations because it was not properly filed, and it was filed after the expiration of the federal limitations period. Any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b). Covert's judgment of sentence became final on August 13, 1997, and therefore, his second PCRA petition, filed on May 27, 2003, was not timely, and thus not properly filed. Moreover, the filing of the second PCRA petition could not have tolled the federal limitations period because that period already had expired on February 22, 2003. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005) (only a properly filed petition for collateral relief under state law will toll the limitations period). Therefore, Covert is not entitled to statutory tolling.

### C. <u>Equitable Tolling</u>

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275–76 (3d Cir. 2005) (citations omitted). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the

11

extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Covert argues in his reply that he is entitled to equitable tolling for three reasons. First, he claims that, because his sentence is nearing completion, Respondents purposely created delays to render his issues moot. (*See* Doc. 21 at 2.) Next, he claims that he misunderstood the limitations period for filing a second PCRA petition as set forth in 42 Pa. Cons. Stat. Ann. § 9545(b). (*See id.* at 2–3.) Finally, Covert argues that the SCI-Rockview law library was inadequate in two respects: (1) he was not permitted to ask questions of library clerks or other inmates, and thus he was not informed of the limitations period under the AEDPA; and (2) the library does not have form petitions. (*See id.* at 3–4.) Covert claims that these inadequacies prevented him from filing a timely habeas petition. (*See id.* at 4.)

None of these arguments constitute extraordinary circumstances that would form the basis for equitable tolling. Covert's claim that Respondents purposely created delays so as to render his issues moot is inconsequential in light of the fact that he filed the instant petition after the applicable statute of limitations had expired.

Even if Covert misunderstood that the limitations period to file a PCRA petition, even a second or subsequent petition, expired one year after his judgment of sentence became final on August 13, 1997, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Jones*, 195 F.3d at 159–60 (petitioner's misunderstanding of exhaustion requirement insufficient to excuse failure to comply with statute of limitations). Finally, Covert has not demonstrated that he was prevented in some extraordinary way from asserting his rights merely by claiming that he was not permitted to ask questions of library clerks or that forms for filing PCRA petitions and federal habeas petitions were not available . In fact, the court notes that Covert filed the instant petition on a form petition, which shows that he was able to procure a form either from the SCI-Rockview library or by making an inquiry with the court. Covert has not demonstrated that he is entitled to equitable tolling. Therefore, the petition for writ of habeas corpus (Doc. 1-2) will be dismissed as untimely.

    An appropriate order is attached.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: November 7, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY COVERT,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0421 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUPERINTENDENT TENNIS,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## ORDER

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1.  The petition for writ of habeas corpus (Doc. 1-2) is **DISMISSED** as time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

2.  The Clerk of Court shall **CLOSE** this case.

3.  A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c).

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: November 7, 2008.